**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| KYLE PERRY | : | |
| | : | |
| | : | |
| Debtor(s) | : | Bankruptcy No. 09-10007 JKF |

**ORDER**

      **AND NOW,** this _____ day of _____, 2010, upon consideration of the Motion to Sell Real Property filed by debtor, <u>pro se</u>, upon notice to all interested parties, and any response thereto, and after a hearing before the Court and for good cause shown, it is hereby

      **ORDERED,** that debtor is authorized to sell his/her real property located at 2649 Miller Street, Philadelphia PA 19125 ("Property"), for the sale price of $134,500, pursuant to the terms of a certain real estate agreement of sale dated as of _____, to the buyer thereunder, Neena Santiago ("Buyer"), who has been represented to be purchasing the Property at arms-length.

      The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, shall be distributed in the following manner:

1. Ordinary and reasonable settlement costs, including, but not limited to those related to notary services, deed preparation, disbursements, express shipping, surveys, municipal certifications, or any other such routine matters    $_____

2. Liens paid at closing -    $_____

3. Real estate taxes, sewer, trash and/or other such items    $_____

4. Property repairs, if any    $_____

5. Real estate commission, at no greater than 6%    $_____

6. Attorneys' fees, if any    $_____

7.Any small (less than $300) allowances agreed to be made to Buyer to settle any unforeseen dispute arising at settlement$_____

8.Other$_____

TOTAL$_____

After paying all liens on the Property in full and all costs of sale, from the balance of the sales proceeds, the sum of $6,300 shall be paid by the title clerk to William C. Miller, Chapter 13 standing trustee, to be distributed by the trustee, subject to his applicable commission, to pay all filed and allowed claims in full, it being understood that debtor's confirmed plan required payment of all creditors with filed and allowed claims in full.

The title clerk shall fax a completed HUD-1 or settlement sheet from the closing directly to the trustee immediately upon the close of the settlement, and the trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed.

Upon trustee approval, the title clerk shall fax a copy of the disbursement check to the trustee, and shall immediately transmit the actual disbursement check to the trustee by overnight courier.

.

**BY THE COURT**

_____
**HON. JEAN K. FITZSIMON**
**BANKRUPTCY JUDGE**